### CRAWFORD *v.* BROKAW.

*(Supreme Court, General Term, Third Department.* July 2, 1892.)

PLEADING—AMENDMENT—STIPULATIONS—REDUCTION OF JUDGMENT.

Defendant set up a note by way of counterclaim, which the jury rejected as being not genuine, and the court awarded defendant a new trial, unless plaintiff should stipulate to allow such note as a payment, and serve an amended reply, setting up failure of consideration of the note, which plaintiff did, whereupon the court entered judgment in his favor, less the note. *Held* error, the jury having had no opportunity to pass on the issue formed by the amended reply.

Appeal from circuit court, Saratoga county.

Action by Annie E. Crawford, administratrix of William A. Crawford, deceased, against Antoinette L. Brokaw. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Charles S. Lester,* for appellant. *Foley & Wing,* (*John Foley,* of counsel,) for respondent.

PUTNAM, J. This action was brought on a note dated September 28, 1885, made by defendant to plaintiff's intestate. The defendant did not dispute the genuineness of the note, but alleged in her answer a payment thereon of $350, and as a counterclaim set up a note made by the intestate to her, dated October 19, 1885, for $775. The plaintiff served a reply, denying the genuineness of the said note and said alleged payment. The jury found in favor of the plaintiff for the full amount of her note, disallowing the alleged payment and the note set up by defendant as a counterclaim. The trial judge entertained and considered carefully a motion made by defendant for a new trial, and determined that the verdict of the jury was against the weight of evidence as to the genuineness of the note on which the defendant claimed, and of the receipt for the $350 payment produced by her upon the trial, and awarded defendant a new trial, unless the plaintiff should stipulate to allow said payment, and also should serve an amended reply setting up a failure of consideration of the said note. The judge held, under the issues as formed by the pleadings, that the verdict was not sustained by the evidence, and the defendant was entitled to a new trial; but that the evidence in the case indicated that there was a failure of consideration of the note set up as a counterclaim, and, no such defense being alleged in the reply, he allowed the plaintiff to serve an amended reply, asserting, as to such note, the defense of want of consideration. The plaintiff thereafter served a stipulation allowing the payment set up in the answer, and also an amended reply; and, in pursuance of the order of the judge, entered judgment for the sum of $808, being the amount demanded in the complaint, less the payment as claimed by defendant. The question is not before us as to whether the trial judge, in holding that the verdict of the jury against the genuineness of the receipt and note produced by defendant upon the trial was against the weight of evidence, reached a correct conclusion or otherwise. The defendant moved for a new trial, which the court granted unless the plaintiff would make a deduction from the amount of the verdict, and serve an amended reply. The plaintiff

acquiesced in the determination of the trial judge, and has not appealed from his decision, but has taken the benefit of his order. The only question before us, therefore, is whether the court below was authorized to allow an amended reply to be served by the plaintiff, and the verdict to stand on such reply being interposed. On the issues formed by the pleadings existing at the time of the trial the judge set aside a verdict of the jury. But he allowed a new issue to be made by an amended reply, and the verdict to stand as reduced by plaintiff's stipulation as a verdict on that issue. The objection to the order so made is that the jury in fact never passed upon the issue formed by the amended reply. No such case has ever been tried. On the issue so formed the defendant might wish, and be able, to offer other evidence. The jury heard and passed upon a different case. The court below set aside the verdict upon the case as tried before the jury, and substituted a new issue, and allowed the modified verdict to stand as the finding of the jury on that issue. But the jury in fact did not render the verdict on the changed issue as allowed to stand. Upon the issues as formed by the amended reply properly there is no verdict of the jury. It is a verdict made by the court. I think the court below could not properly make such an order, changing the issue on which the jury passed, and allow the verdict to stand as the determination of the jury on an issue not tried before them. There should be a reversal of the order and judgment, and a new trial, costs to abide the event.

All concur.